UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR MANUEL CHAVARRIA and OLOET ROJAS,

       Plaintiffs,

v.

DETECTIVE SGT. MICHAEL FALKNER, *et al.*,

       Defendants.

                                              /

Case No. 13-14641

Honorable John Corbett O'Meara

## **ORDER GRANTING WAYNE COUNTY DEFENDANTS' MOTION TO DISMISS**

This matter came before the court on the Wayne County defendants' March 7, 2013 motion to dismiss. No response was filed, and the time for filing it has expired. No oral argument was heard.

## **BACKGROUND FACTS**

Plaintiff Victor Manuel Chavarria was prosecuted by the Wayne County Prosecutor's Office for alleged criminal sexual conduct in the first degree. He was found not guilty by a jury. Plaintiffs Chavarria and Oloet Rojas, his wife, subsequently filed a six-count complaint in this court alleging four causes of action under 42 U.S.C. § 1983, and two state law claims, both of which were dismissed without prejudice by this court in its December 12, 2013 order. Only the four federal claims remain.

## **LAW AND ANALYSIS**

In Count I of the complaint Plaintiffs allege malicious prosecution against Wayne County Assistant Prosecutor Kinga B. Gorzelewski for her role in recommending criminal charges against

Chavarria, appearing in district court for probable cause hearings, and prosecuting his case to a verdict.

Defendant Gorzelewski, however, is entitled to absolute immunity for her actions, all of which occurred in the course of the prosecutor's role as an advocate for the state. Cooper v. Parrish, 203 F.3d 937, 947 (6th Cir. 2000).

In Count II, Plaintiffs allege a 42 U.S.C. § 1983 claim for wrongful prosecution against Wayne County under the Fourth and Fourteenth Amendments of the U.S. Constitution. "[T]he substantive component of the Fourteenth Amendment's Due Process Clause . . . may not serve as the basis for a § 1983 malicious prosecution claim." Johnson v. Ward, 43 Fed. Appx. 779, 782 (6th Cir. 2002). Therefore, a malicious prosecution claim arises only from a violation of the Fourth Amendment.

In this case, Plaintiffs' Fourth Amendment claim fails as a matter of law because it is barred by collateral estoppel. The Court of Appeals for the Sixth Circuit has held that an absence of probable cause to prosecute is required to maintain a constitutional malicious prosecution claim. See Fox v. DeSoto, 489 F.3d 227, 237 (6th Cir. 2007). In cases in which a "state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." Coogan v. City of Wixom, 820 F.2d 170, 175 (6th Cir. 1987), overruled on other grounds, Franz v. Village of Bradford, 245 F.3d 869, 874 (6th Cir. 2001).

In Counts III and IV, Plaintiffs allege claims against Wayne County for failure to supervise and failure to train its prosecutors. However, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's

2

injury." Board of Comm. of Bryan County v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Plaintiffs have failed to do so in their complaint. Accordingly, the court will dismiss Counts III and IV.

## ORDER

It is hereby **ORDERED** that the Wayne County defendants' March 7, 2014 motion to dismiss is **GRANTED** as to Counts I, II, III and IV.

s/John Corbett O'Meara  
United States District Judge

Date:  May 12, 2014

 

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 12, 2014, using the ECF system.

s/William Barkholz  
Case Manager

3