UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR MANUEL CHAVARRIA and OLOET
ROJAS,                                                    Case No. 13-14641

       Plaintiffs,                              Honorable John Corbett O'Meara

v.

DETECTIVE SGT. MICHAEL FALKNER, *et al.*,

       Defendants.
                                       /

**ORDER GRANTING
DEFENDANTS CITY OF DEARBORN AND JANE KASS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter came before the court on defendant City of Dearborn and Jane Kass' April 15, 2014 motion for judgment on the pleadings, or in the alternative, for summary judgment. Plaintiffs Victor Chavarria and Oloet Rojas filed a late response May 15, 2014; and Defendants filed a reply May 29, 2014. Oral argument was heard June 5, 2014.

**BACKGROUND FACTS**

Plaintiff Victor Chavarria was charged with criminal sexual conduct in the first degree for the alleged rape of his daughter, and a jury subsequently found him not guilty. Chavarria filed this 42 U.S.C. § 1983 case against defendants Detective Sergeant Michael Falkner, a police officer in the City of Allen Park; Detective Jane Kass, a police officer in the City of Dearborn; Assistant Prosecutor Kinga B. Gorzelewski, who is employed by Wayne County; the City of Allen Park; the City of Dearborn; and Wayne County. The court previously granted a motion to dismiss filed by defendants Wayne County and Kinga Gorzelewski.

The present motion for judgment on the pleadings was filed by defendant City of Dearborn and its officer Detective Jane Kass and seeks summary judgment on Count I, a wrongful prosecution claim against defendant Kass under § 1983; on Count II, a § 1983 claim for wrongful prosecution against the City of Dearborn; and on Counts III and IV against the City of Dearborn, § 1983 claims for failure to supervise and failure to train, respectively.

## LAW AND ANALYSIS

Plaintiff Chavarria's claims in Counts I and II are barred by collateral estoppel. The United States Supreme Court has held that federal courts must apply the state law of collateral estoppel when deciding whether the state court's determination of probable cause has preclusive effect in a § 1983 action. Haring v. Prosise, 462 U.S. 306, 313 (1983).

In Michigan, collateral estoppel applies when the following three elements are satisfied: 1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; 2) the same parties must have had a full and fair opportunity to litigate the issue; and 3) there must be mutuality of estoppel. Gilbert v. Ferry, 413 F.3d 578, 581 (6th Cir. 2005).

In this case the probable cause issue was a question of fact essential to Plaintiff's criminal case; and Plaintiff was afforded a fair and full opportunity to contest probable cause at the preliminary hearing June 3, 2011, by cross-examining Jane Doe. All of the elements of collateral estoppel are satisfied; therefore, the issue of probable cause cannot be relitigated. In Peet v. City of Detroit, 502 F.3d 557 (6th Cir. 2007), this court reiterated the well-settled principle that "collateral estoppel would bar the relitigation of probable cause in a subsequent § 1983 litigation," but also recognized that it may not apply in cases in which a plaintiff's claim is based on a police officer supplying false information to establish probable case. In this case, however, Plaintiff alludes to no

5:13-cv-14641-JCO-DRG   Doc # 29   Filed 06/24/14   Pg 3 of 4   Pg ID 555

evidence to establish what allegedly false information defendant Kass supplied and none to establish

that the probable cause determination was based on allegedly false information that she supplied.

In fact, Kass did not even testify at the preliminary exam/probable cause hearing.  This court has

determined,

> [E]ven if a police officer makes false statements or reckless omission to a court in
> a probable cause hearing, if probable cause would have existed in the absence of
> these false statements or reckless omission, the plaintiff's cause of action will still
> not succeed.

Spenser v. City of Detroit, Case No. 03-71470 (E.D. Mich. Jan. 31, 2005) (citing Vakilian v. Shaw,

335 F.3d 509, 517 (6th Cir. 2003)).

In this case, the state court record reflects that the court relied solely on the testimony of

victim Jane Doe to find, "I'm satisfied for my purposes that the probable cause standard with

reference to the crime that's charged and that the defendant committed them has been met."  Defs'

Ex. B, p. 50.  Therefore, collateral estoppel precludes plaintiff Chavarria from relitigating the

probable cause determination.  Finding no constitutional violation, the court will grant summary

judgment to both City of Dearborn and Detective Kass.

The court also finds that defendant City of Dearborn is entitled to summary judgment on

Counts IV and V, which allege claims for failure to supervise and failure to train, respectively.  To

prevail on a claim against a municipality under § 1983, a plaintiff must establish  that the alleged

federal rights violation occurred because of a municipal's "policy or custom."   Monell v.

Department of Soc. Servs., 436 U.S. 658, 694 (1978).  As this court has found, there has been no

constitutional violation here.  Even if such a violation had been found, Plaintiff has failed to show

any  policy or custom by the City of Dearborn that led to the alleged violations.

## ORDER

3

It is hereby **ORDERED** that defendants City of Dearborn and Detective Jane Kass' April 15,

2014 motion for judgment on the pleadings, or in the alternative, for summary judgment is

**GRANTED.**

                        s/John Corbett O'Meara
                        United States District Judge

Date:  June 24, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 24, 2014, using the ECF system.

                        s/William Barkholz
                        Case Manager